840 So.2d 525 (2003)
Chiwana J. JONES, Wife of and Henry Jones, et al.,
v.
Nick CONGEMI, Both Individually and as the Chief of Police, et al.,
Wilmareen James, Wife of/and Wilson James,
v.
Nick Congemi, Individually and as the Chief of Police, et al.
No. 2002-C-2979.
Supreme Court of Louisiana.
January 24, 2003.
PER CURIAM.
In application no. 02-CC-0105, defendants, Nick Congemi, et al., applied to this court, seeking review of a ruling of the district court denying its motion for summary judgment and the court of appeal's denial of its application for supervisory *526 relief. On April 12, 2002, this court remanded the case to the court of appeal for briefing, argument and opinion. Jones v. Congemi, 02-0105 (La.4/12/02), 812 So.2d 659. On March 16, 2000, the court of appeal rendered an opinion, stating that it initially declined to reverse the trial court's denial of summary judgment and deferred to the trial court's finding that there were material issues of facts as to the circumstances surrounding the accident. The court of appeal then stated,
The Supreme Court, without stating reasons, has rejected that position. Given this directive from the Supreme Court and recognizing the superior authority of that court, we now adopt the position set forth by Judge Rothschild in his original dissent.
The court of appeal then noted Judge Rothschild's dissent and reversed for the reasons contained therein.
Plaintiff now seeks review of that judgment, contending the court of appeal failed to comply with the mandate of this court to render an opinion after briefing and argument by the parties. We agree.
In remanding cases to the appellate courts for briefing, argument and opinion, this court selects cases in which more detailed consideration of the law and facts pursuant to the court of appeal's supervisory jurisdiction is warranted. The court's intent in remanding these cases is not to require the court of appeal to reach a certain result in its opinion. Rather, the court of appeal is free to reach any result which it believes is required under the law, in light of the briefing and/or argument by the parties, supporting its conclusions by means of a full opinion.
Accordingly, the writ is granted. The judgment of the court of appeal is vacated as to the issue of the summary judgment pertaining to the defendants' liability. The matter is remanded to the court of appeal for further proceedings consistent with this court's order of April 12, 2002.[1]
NOTES
[1] Consolidated with this application was application 02-C-2778, filed by Scottsdale Insurance Company. On this date, we denied that application and thus consider the court of appeal opinion regarding that issue to be final and conclusive. Therefore, the remand applies only to application 02-C-2979, which pertains solely to the summary judgment on the issue of liability of the defendants.